**TANANA CHIEFS CONFERENCE, INC., Applicant,**

v.

**ALASKA BAR ASSOCIATION, et al., Respondents.**

No. S–14583.

Supreme Court of Alaska.

Feb. 24, 2012.

### Order

### INTRODUCTION

We consider here whether the Alaska Bar Association's fee arbitration program may be invoked by an employer sued by its in-house counsel for wrongful termination. We conclude that it may not, and therefore deny what is essentially an original application for relief by such an employer in response to the dismissal of its requested fee arbitration.

### DISCUSSION

Before the court are a number of motions in this matter, which originates from a wrongful termination action filed in the superior court in Fairbanks[1] by former in-house counsel of Tanana Chiefs Conference, Inc. (TCC). The superior court ordered the file be made confidential, and, at TCC's request, stayed the litigation pending referral to the Alaska Bar Association's Fee Arbitration Committee under Alaska Bar Rule 34. Bar Counsel accepted one aspect of the matter for arbitration, specifically whether TCC "is being overcharged" by its former in-house counsel's claim for post-termination salary, and referred it to the Fee Arbitration Executive Committee[2] to decide whether it involved complex arbitration under Rule 34(h).[3] The Fee Arbitration Executive Committee ultimately determined the matter was not appropriate for fee arbitration, but rather was "a breach of employment contract matter" not involving a dispute about "the value of legal services" rendered because no services were rendered after TCC terminated its in-house counsel.[4]

TCC "appealed" the Fee Arbitration Executive Committee's decision to this court, as well as to the superior court in Anchorage, and to the Alaska Bar Association's Board of Governors. The Clerk of the Appellate Courts rejected TCC's "appeal" for lack of subject matter jurisdiction. TCC moved for reconsideration; TCC's former in-house counsel appeared and opposed the reconsid-

---

1.  Case No. 4FA–11–981 Civil.

2.  Rule 38 establishes a fee arbitration executive committee with considerable power and authority over the fee arbitration process, including to "determine matters of policy not inconsistent with" the Bar Rules. Alaska Bar R. 38(c)(3).

3.  Rule 34(h) allows the fee arbitration executive committee to determine an arbitration is complex and require payment for the reasonable costs of administration and arbitration.

4.  *Cf.* Rule 34(a) (describing the Alaska Bar Association's fee arbitration program for "disputes concerning any and all fees paid, charged, or claimed for professional services by attorneys").

eration motion.[5]

The Board of Governors considered the matter and determined it had no jurisdiction to consider an appeal from the Fee Arbitration Executive Committee's decision, but if it did, it would affirm that decision. TCC then moved in this court to amend its "points on appeal" and to supplement its motion for reconsideration of the Clerk's rejection of its "appeal," adding "appeal points" and information about the Board of Governor's decision. TCC then moved for an order staying the superior court proceedings in Fairbanks pending the resolution of its "appeal." TCC's former in-house counsel opposed TCC's motions and filed a motion for an order treating this matter as confidential under Bar Rule 40(r).[6] TCC opposed that motion. The Bar Association has taken no position on any of the contested matters before this court.

IT IS ORDERED THAT:

1. The caption for this case shall be as set forth above.

2. The motion to treat this case as confidential under Alaska Bar Rule 40(r) is DENIED.

3. TCC's "appeal" is being considered an original application for relief under Alaska Appellate Rule 404.[7] All of the parties' filings are being taken into consideration with respect to TCC's original application for relief, including the filings regarding TCC's motion for reconsideration of the Clerk of Court's rejection of its "appeal." Upon consideration of these materials, TCC's original application for relief is DENIED—the Fee Arbitration Executive Committee correctly determined that the Bar Association's fee arbitration program is not intended to include arbi-

tration of an in-house counsel's wrongful termination claim.

4. TCC's motion for a stay of the Fairbanks superior court proceedings, Case No. 4FA–11–981 Civil, is DENIED.

Entered at the direction of the court.

---

5. TCC and its former in-house counsel also engaged in motion practice as to the proper form for the caption in this matter.

6. Bar Rule 40(r) provides that records, files, proceedings, and hearings regarding a fee arbitration are confidential absent a court order to the contrary for good cause.

7. Appellate Rule 404(a)(1) allows a party to seek relief from this court when "relief is not available from any other court and cannot be obtained through the process of appeal, petition for review, or petition for hearing." We have considered applications for relief under this rule by complainants seeking to overturn Bar Counsel's decisions that grievance complaints do not warrant investigation. *Cf.* Bar Rule 22(a) (providing complainant only with right to request review of Bar Counsel's decision by the Board's Disciplinary Liaison).